# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Alicio Alves Da Cruz,

      Petitioner

v.

John Mattos, et al.,

      Respondents

Case No.: 2:25-cv-01340-JAD-EJY

**Order Granting Habeas Relief in Part**

[ECF No. 14]

Petitioner Alicio Alves Da Cruz is a Brazilian citizen who was arrested by Immigration and Customs Enforcement (ICE) officials on July 29, 2024. An immigration judge ordered him removed on September 19, 2024, and he appealed that decision to the Ninth Circuit in December 2024. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada since his arrest. Alves Da Cruz seeks a writ of habeas corpus, alleging that he has never received a statutorily mandated bond hearing during his prolonged confinement in violation of his due-process rights. The government responds that Alves Da Cruz hasn't exhausted his administrative remedies because he sought a bond hearing only when he wasn't eligible for one and hasn't asked for a hearing once he became eligible.

The government's exhaustion argument is based on an incorrect assertion that Alves Da Cruz was subject to a different statutory scheme that doesn't provide for bond hearings when he sought one in April 2025. But at that time, Alves Da Cruz was appealing his removal order and the Ninth Circuit had temporarily stayed his removal, keeping him within the class of individuals that do receive bond hearings under 8 U.S.C. § 1226(a). So the government's exhaustion argument fails, and it did not brief the actual merits of Alves Da Cruz's claim. I find that the respondents' refusal to provide a bond hearing, combined with the prolonged nature of his

detention, violate § 1226(a) and its implementing regulations and deprive Alves Da Cruz of his due-process rights.  I thus grant his petition and order the respondents to schedule a bond hearing before an immigration judge.  But I do not grant Alves Da Cruz's request that the government bear the burden of proof in that hearing because he hasn't shown that is required to comport with due process.

## Discussion

**A.      Whether a noncitizen is entitled to a bond hearing depends on what statutory authority he is being detained under.**

### *1.      Detention and bond hearings under § 1226(a)*

Various statutes within this country's immigration laws govern the detention of noncitizens who are being held in ICE custody.  As relevant here, 8 U.S.C. § 1226(a) governs detention "pending a decision on whether the [noncitizen] is to be removed from the United States."  The statute permits a noncitizen held under this authority to be detained or released on bond and with conditions.[1]  When a person is arrested under § 1226(a), an ICE officer makes the initial custody determination and may order release only if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."[2]

The noncitizen may then "request a bond hearing before an [immigration judge (IJ)] at any time before a removal order becomes final" to contest the initial custody determination.[3]  At that hearing, the IJ considers "various factors . . . including the individual's ties to the United

---

[1] 8 U.S.C. § 1226(a)(1)–(2).

[2] 8 C.F.R. § 236.1(c)(8).

[3] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19).

States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country" to determine whether the noncitizen should remain detained or if release (on bond or with other conditions) is appropriate.[4]  The noncitizen may be represented by counsel and can submit evidence in his favor.[5]  He may also appeal the decision to the Board of Immigration Appeals (BIA).[6]  A noncitizen detained under § 1226(a) may also request a redetermination hearing if he experiences a material change in circumstances.[7]  He can appeal the IJ's decision of that redetermination hearing to the BIA too.

### 2.    *Mandatory detention under § 1231(a)*

"Once [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)."[8]  This shift matters: while noncitizens detained under § 1226(a) have the right to seek release on bond, detention under § 1231(a) is mandatory and an IJ no longer has jurisdiction to consider a bond request.  The statute provides that the mandatory-detention period begins on the latest of three possible dates: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order; or (iii) if the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."[9]  A noncitizen held under § 1231(a) can

---

[4] *Id.* (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); 8 U.S.C. § 1226(a)(2)).

[5] *Id.* (citing 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (B.I.A. 2016)).

[6] *Id.* (citing 8 C.F.R. § 236.1(d)(1)).

[7] 8 C.F.R. § 1003.19(e).

[8] *Rodriguez Diaz*, 53 F.4th at 1197 (citations omitted).

[9] 8 U.S.C. § 1231(a)(1)(B) (cleaned up); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) (clarifying that detention remains under § 1226(a) if a noncitizen seeks judicial review of an administratively final removal order and the court orders a stay of removal).

1  challenge his detention only if he has been detained for longer than six months and there is no

2  likelihood that he will be removed in the reasonably foreseeable future.[10]

3      ### 3.  *Due-process protections for noncitizen detainees*

4      "The Fifth Amendment entitles [noncitizens] to due process of law in deportation

5  proceedings."[11]  But the amount of process due to noncitizens "must account for the

6  government's countervailing interests in immigration enforcement—considerations that do not

7  apply to U.S. citizens."[12]  The Ninth Circuit applies the three-factor test outlined in the Supreme

8  Court case *Mathews v. Eldridge*[13] to determine whether a noncitizen's procedural due-process

9  rights have been violated in immigration-detention situations like this one.[14]  Under *Mathews*,

10  courts must consider "*first*, the private interest that will be affected by the official action; *second*,

11  the risk of an erroneous deprivation of such interest through the procedures used, and the

12  probable value, if any, of additional or substitute procedural safeguards; and *finally*, the

13  government's interest, including the function involved and the fiscal and administrative burdens

14  that the additional or substitute procedural requirement would entail."[15]

15

16

17

18

---

19  [10] *See Zadvydas v. Davis*, 533 U.S. 678, 701–02 (2001).

20  [11] *Rodriguez Diaz*, 53 F.4th at 1205 (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

21  [12] *Id.* at 1206.

22  [13] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

23  [14] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

[15] *Mathews*, 424 U.S. at 335 (cleaned up).

**B.    Alves Da Cruz exhausted his administrative remedies when he filed the April 2025 motion for a custody-redetermination hearing.**

Alves Da Cruz was ordered removed on September 19, 2024.  He timely appealed his removal to the BIA, but that appeal was summarily dismissed because the removal order "indicate[d] that [Alves Da Cruz] waived appeal."[16]  Alves Da Cruz timely appealed that decision to the Ninth Circuit on December 4, 2024, in part arguing that his waiver of appeal was not knowing or voluntary, and moved to stay his removal while his appeal was pending.[17]

In April 2025, Alves Da Cruz filed a motion for custody redetermination, seeking a hearing before an IJ to determine whether he should be released from detention while his removal proceedings were ongoing.[18]  The immigration judge denied the motion because he believed that Alves Da Cruz was subject to a final order of removal after the BIA dismissed his appeal.[19]  The BIA dismissed Alves Da Cruz's appeal of that decision, explaining that immigration judges do not have the authority to set bond conditions for detainees subject to a final order of removal.[20]

Alves Da Cruz argues that the immigration judge and the BIA "mistakenly assumed [that] he was detained pursuant to § 1231(a)."[21]  But because he appealed the removal decision to the Ninth Circuit, Alves Da Cruz contends, his detention remained authorized by § 1226(a).[22]

---

[16] ECF No. 15-3 at 3.

[17] *See* Case No. 24-7301 at Dkt. Nos. 1, 2.

[18] ECF No. 15-4.

[19] *See* ECF No. 15-5.

[20] ECF No. 15-6.

[21] ECF No. 14 at 9.

[22] *Id.* at 8–9.

The respondents see this differently.  They contend that, when Alves Da Cruz waived his appellate rights, the order of removal became final on September 19, 2024.[23]  So at that point, respondents theorize, Alves Da Cruz's detention authority shifted to § 1231(a), and shifted back to § 1226(a) only after the Ninth Circuit granted the motion to stay on September 23, 2025.[24]  If that's the case, then Alves Da Cruz filed his April 2025 custody redetermination hearing when he didn't have a statutory right to that hearing because he was detained under § 1231(a).

Alves Da Cruz responds that the government is wrong as a matter of law.  The Ninth Circuit's General Order 6.4 provides that orders of removal are "temporarily stayed until further order of the Court" when a motion for a stay of removal is filed.[25]  So according to Alves Da Cruz, his removal order was not final as of December 4, 2024, when his removal order was stayed, and his April 2025 motion was filed while he was detained under § 1226(a).

Alves Da Cruz has the better argument here.  This issue is complicated by the fact that the IJ and BIA believed that Alves Da Cruz had waived his right to an appeal.  But they cite to no authority for the proposition that this potential waiver has more legal significance than his act of filing an appeal in the Ninth Circuit or the Ninth Circuit's automatic stay of removal when a motion to stay removal is filed.  Indeed, the fact that the government concedes that Alves Da Cruz's detention authority shifted back to § 1226(a) after the Ninth Circuit expressly granted the motion to stay removal means that it acknowledges that Alves Da Cruz's appeal does affect whether his detention is governed by § 1226(a) or § 1231(a).  It seems rather that the government was unaware of or did not consider the Ninth Circuit's general order staying removal orders

---

[23] ECF No. 19 at 4–5.

[24] *Id.*

[25] 9th Cir. Gen. Ord. 6.4(c)(1).

while motions to stay are pending.  The government provides no argument implying that this

court should treat that automatic stay any differently than the stay order that the Ninth Circuit

eventually issued in this case.  So I reject the government's argument that Alvez Da Cruz didn't

exhaust his administrative remedies by filing a motion for a custody redetermination while he

was detained under § 1226(a).  His April 2025 motion satisfied any such requirement.  I thus

move on to the merits of Alves Da Cruz's petition, to which the government did not respond.

**C.**	**Alves Da Cruz's prolonged detention without a bond hearing violates § 1226(a).**

The parties appear to agree that Alves Da Cruz has never received a bond hearing before

an IJ.  The government's only argument is that Alves Da Cruz needed to file his motion for a

bond hearing after September 25, 2025, when it believes detention authority shifted from

§ 1231(a) to § 1226(a).  But, as discussed *supra*, Alves Da Cruz was subject to a stay of removal

from December 4, 2024, the day he filed his Ninth Circuit appeal and petition for a stay, so his

detention from that time until now was authorized by § 1226(a).  The IJ's denial of Alves Da

Cruz's motion for a bond hearing on the grounds that he didn't have jurisdiction under § 1231(a)

was thus erroneous, and the government can't rely on it as a reason to continue to deny his right

to a bond hearing as provided by the INA and its implementing regulations.  It therefore appears

that the government's refusal to provide Alves Da Cruz with a bond hearing violates its own

statutes and regulations.

**D.    Alves Da Cruz's prolonged detention without a bond hearing also violates his due-process rights.**[26]

>    *1.    The deprivation of Alves Da Cruz's liberty interest weighs in favor of relief.*

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[27]  Alves Da Cruz has been detained for approximately 18 months.  Under Ninth Circuit precedent, that's considered "prolonged."[28]  But when evaluating Alves Da Cruz's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[29]  It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[30]

Here, Alves Da Cruz has not been given the opportunity to contest his detention before an immigration court and the government has not confirmed that further process would be available to him absent court intervention.  And while I acknowledge that the length of Alves Da Cruz's detention is partially due to his decision to appeal his removal order, under normal circumstances he would have been given the opportunity to seek bond during that time period—an option that he has been deprived of thus far.  So on balance, I find that the deprivation of Alves Da Cruz's liberty interest weighs in favor of relief.

---

[26] Although this court cannot review an IJ's discretionary bond determination, this court has jurisdiction "under 28 U.S.C. § 2241 to consider any error of law in [Alves Da Cruz's] agency proceedings, including any claimed due process violation."  *Rodriguez Diaz*, 53 F.4th at 1209.

[27] *Id.* at 1207.

[28] *Id.* (finding 14 months of detention to be prolonged).

[29] *Id.* at 1208.

[30] *Id.*

**2.    *Alves Da Cruz has not received the process he is due, so the probable value of additional process weighs in favor of limited relief.***

The second *Mathews* factor considers "the risk of an erroneous deprivation of [Alves Da Cruz's] interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguards."[31]  It appears that the only procedure applied to Alves Da Cruz was an initial custody determination by "any [ICE] officer" when he was arrested.[32]  He has not been given a hearing before an IJ in which he has the option to be represented by counsel and present evidence in his favor.  Nor has he been given the ability to appeal his custody determination to the BIA.  I find that Alves Da Cruz suffers a severe risk of erroneous deprivation of his liberty interest absent these procedures, which also weighs in favor of relief.

Alves Da Cruz also argues that "to comport with due process, Alves Da Cruz should be afforded a bond hearing" in which "the government must prove that he presents a flight risk or danger by clear and convincing evidence to justify continued detention."[33]  In *Rodriguez Diaz v. Garland*, a Ninth Circuit panel considered this question after acknowledging that the noncitizen normally bears the burden to show by a preponderance of the evidence that he is not a "threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk" to justify his release.[34]  The panel rejected the petitioner's argument that the burden must instead be placed on the government to show by clear and convincing evidence that the

---

[31] *Mathews*, 424 U.S. at 335.

[32] Neither party explicitly states that this step occurred, but the fact that Alves Da Cruz later filed a motion for a custody "redetermination" hearing before an IJ is circumstantial evidence that it did.  *See* ECF No. 14 at 3.

[33] *Id.* at 15.

[34] *Rodriguez Diaz*, 53 F.4th at 1197.

noncitizen is dangerous or a flight risk to comport with due process.[35]  It acknowledged some of the reasons other courts have held that such a burden shift is necessary—i.e., placing the burden on noncitizens risks erroneous deprivation because they "face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney"—but concluded that those barriers "bear no relation to the facts of this case" because Rodriguez Diaz had an attorney, was able to present evidence, and can speak English.[36]

Alves Da Cruz does not provide any facts suggesting that he is unable to collect evidence on his behalf, employ an attorney, or communicate with the immigration court.  Indeed, the motion for a bond redetermination hearing that he filed in April 2025 is in English and includes various declarations and exhibits in support of his release.  Under *Rodriguez Diaz*, it appears that more is needed to show that resting the burden of proof on the noncitizen would violate his due-process rights.  So while I hold that the risk of erroneous deprivation of Alves Da Cruz's liberty interest is high without an IJ hearing, I do not find that the burden at that hearing should be on the government to show that he is a threat or a flight risk.

### 3. *The government's interests do not outweigh the risk of erroneous deprivation of Alves Da Cruz's liberty interest.*

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[37]  But in light of the fact that the government hasn't followed its own bond-redetermination procedures in this case, I cannot

---

[35] *Id.* at 1211–12.

[36] *Id.*

[37] *Id.* at 1208.

1 conclude that the government's interests outweigh the petitioner's in this case.  All Alves Da

2 Cruz seeks is the ability to contest his detention in the manner permitted by § 1226(a), and the

3 government's interest in failing to follow its own laws cannot outweigh a petitioner's interest in

4 receiving the process that he is legally due.  I thus find that Alves Da Cruz's interest in receiving

5 a bond redetermination hearing under § 1226(a) outweighs the government's interest in not

6 giving him one, and his continued detention without receiving that hearing violates his due-

7 process rights.

8      So I grant Alves Da Cruz's petition for habeas relief in part.  I order the government to

9 promptly provide Alves Da Cruz with a bond redetermination hearing after a period during

10 which he may collect evidence in his favor and obtain an attorney if desired.  But that hearing

11 may take place in the manner that they normally take place—Alves Da Cruz's request that I

12 order the government to bear the burden of showing that he is a danger to the community or a

13 flight risk is denied.

**Conclusion**

15      IT IS THEREFORE ORDERED that petitioner Alicio Alves Da Cruz's petition for a writ

16 of habeas corpus **[ECF No. 14] is GRANTED IN PART.  Respondents must schedule a bond**

17 **hearing for Alves Da Cruz before an immigration judge within the next 45 days.  That**

18 **hearing must be held in accordance with 8 U.S.C. § 1226(a), 8 C.F.R. § 236.1(d)(1), and any**

19 **applicable BIA decisions and guidance.**  The petition is DENIED to the extent it requests that

20 the hearing require the government to bear the burden of showing by clear and convincing

21 evidence that Alves Da Cruz is a danger to the community or a flight risk.

22                    _____

                          U.S. District Judge Jennifer A. Dorsey

23                           February 12, 2026