**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Alicio Alvez Da Cruz,

      Petitioner

v.

John Mattos, et al.,

      Respondents

Case No.: 2:25-cv-01340-JAD-EJY

**Order Denying Motion for Reconsideration**

[ECF No. 23]

In February of this year, I granted in part petitioner Alicio Alves Da Cruz's habeas petition and ordered that he receive a bond hearing before an immigration judge (IJ).[1]  But I denied Alves Da Cruz's demand that the burden of proof at that hearing be placed on the government to show, by clear and convincing evidence, that he is not entitled to release.[2]  I found that Alves Da Cruz had not shown that he would suffer a high risk of the erroneous deprivation of his rights if the burden of proof remained on him to show that he was not a danger to the community or a flight risk.[3]

Alves Da Cruz now moves for reconsideration of that burden determination.[4]  He argues that his constitutionally protected interest in freedom from detention is significant because he was already detained for more than a year without any bond hearing based on the incorrect assumption that he was detained under a statute that did not provide for such hearings.  He also contends that his limitations in speaking English and collecting documents to support his release increase the risk of the erroneous deprivation of his rights and that shifting the burden to the

---

[1] ECF No. 22.

[2] *Id.* at 9–10.

[3] *Id.*

[4] ECF No. 23.

government would alleviate some of those risks.  But while the motion for reconsideration was being briefed, Alves Da Cruz received two hearings concerning his bond—the first was continued but only after the IJ concluded that the government had made a prima facie case for denying his bond request, and at the second he was represented by counsel.  At this stage, I find that Alves Da Cruz has received the process he is due, and the new evidence of his bond hearings does not support further relief.  So I deny his motion for reconsideration.

**Discussion**

Alves Da Cruz moves for reconsideration under Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a judgment within 28 days after the judgment's entry.[5]  Reconsideration is appropriate under FRCP 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."[6]  This rule does not give parties a chance to relitigate previously decided issues or "raise arguments or present evidence for the first time" that "could reasonably have been raised earlier in the litigation."[7]

I initially denied Alves Da Cruz's request for a bond hearing with the burden on the government based on my reading of the Ninth Circuit's opinion in *Rodriguez Diaz v. Garland*.[8]  In that case, the panel determined that due process does not necessarily require a burden shift to the government if the noncitizen has already received bond hearings and was given the various

---

[5] Fed. R. Civ. P. 59(e).

[6] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

[7] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[8] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022).

procedural protections normally afforded to noncitizens detained under 8 U.S.C. § 1226(a).[9] Those protections include a custody-redetermination hearing (with the burden on the petitioner to show he is entitled to release), appellate rights, and the ability to seek further redetermination hearings upon a showing of changed circumstances.[10]

But the *Rodriguez Diaz* panel left open the possibility that a noncitizen's circumstances could require a burden shift. It acknowledged the argument that "placing the burden on the [noncitizen] creates an unacceptably high risk of erroneous deprivation because detainees face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney."[11] But it concluded that those concerns were not present in Rodriguez Diaz's case, and it refused to decide whether barriers like those "could ever create procedural error of constitutional magnitude."[12] Because Alves Da Cruz didn't argue that he faced any particular barrier to his ability to participate in his bond hearings, I found that he did not demonstrate that a burden shift was necessary to protect his rights.[13]

Alves Da Cruz seeks reconsideration of that conclusion. He contends that he didn't provide information about his circumstances because the government didn't respond to his burden-shift request, so he considered its opposition waived.[14] But it remains the petitioner's burden to show that he is entitled to habeas relief, and at no point did Alves Da Cruz explain why

---

[9] *Id.* at 1211–12.

[10] *Id.* at 1197.

[11] *Id.* at 1211 (cleaned up).

[12] *Id.* at 1212.

[13] ECF No. 22 at 10.

[14] ECF No. 23 at 3.

he was entitled to a hearing in which the government bears the burden of proof.[15] *Rodriguez Diaz* was law before Alves Da Cruz filed his petition, and it clearly rejects the notion that noncitizens are always entitled to a hearing with the burden of proof on the government. The fact that the government didn't respond to that portion of his argument does not excuse him from distinguishing relevant caselaw to support his request for relief. So I am not persuaded that Alves Da Cruz could not have raised facts and arguments in support of a shifted burden before this motion for reconsideration.

Even if I consider the merits of the reconsideration motion, however, I find that reconsideration is not warranted. Accepting that Alves Da Cruz's liberty interest is substantial given his prolonged detention without any bond hearing, as I did in my previous order granting habeas relief, I still cannot conclude that the risk of continued erroneous deprivation of his rights requires a shift in burden. Since I issued the habeas order in this case, Alves Da Cruz has had two hearings before an IJ. During the first, Alves Da Cruz was not represented by counsel and asked for additional time to consult with a lawyer. The IJ granted that request and scheduled a second hearing but also determined that the government had "presented a prima facia case, based upon clear and convincing evidence, that the respondent [is] a danger to the community and that he should not be released from detention."[16] At the second hearing, Alves Da Cruz was represented by counsel,[17] and the IJ determined that he "failed to meet his burden of proof to

---

[15] *See* ECF No. 12 at 15 (amended petition, stating without any authority or argument that, "[t]o comport with due process, Alves Da Cruz should be afforded a bond hearing before an immigration judge [in which] the government must prove that he presents a flight risk or danger by clear and convincing evidence to justify continued detention").

[16] ECF No. 34-1.

[17] ECF No. 38 at 2.

4

show he is not a danger to the community nor a risk of flight."[18]  The IJ specifically found that Alvez Da Cruz didn't list a prior conviction on his B2 Visa application and was subject to an international arrest warrant for failing to appear at his criminal trial in Brazil.[19]

At this point, I cannot conclude that Alves Da Cruz's due-process rights would be violated were he not to receive another bond redetermination hearing that places the burden of proof on the government.  Though his process was substantially delayed and his liberty interest in freedom from detention is undeniably significant, he has now received at least two bond hearings at which he was able to submit evidence, and he was represented by counsel at one of those hearings.  It also appears that the IJ initially considered the evidence while placing the prima facie burden of proof on the government and concluded that Alves Da Cruz should remain in custody.  On this record, Alves Da Cruz has not shown that he is so likely to suffer from the erroneous deprivation of his rights to warrant yet another hearing with a shifted burden.

### Conclusion

IT IS THEREFORE ORDERED that Alicio Alves Da Cruz's motion for reconsideration **[ECF No. 23] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 24, 2026

---

[18] ECF No. 38-1.

[19] *Id.*